UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:  PRESS AND PUBLIC ) | |
| ACCESS TO VIDEO EXHIBITS ) | Case No. 1:21-mc-00046-BAH |
| IN THE CAPITOL RIOT CASES ) | |

**GOVERNMENT'S RESPONSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's May 3, 2021 Order, directing the government to respond to petitioners' request to access video exhibits in the Capitol Riot Cases.

Petitioners represent 14 news organizations and propose that the Court enter into a Standing Order directing the government to release video exhibits in a timely manner so that they will be available to the public. *See* May 3, 2021 Letter from Charles D. Tobin and Maxwell S. Mishkin (hereinafter "Petitioners' Letter") at 1-2.

The D.C. Circuit has consistently employed the six-factor "*Hubbard* test"[1] when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

Consequently, the government does not oppose a Standing Order in these Capitol Riot cases directing the parties, going forward,[2] to make available to the public video exhibits admitted into evidence in all court proceedings that are not subject to a sealing order. To that end, the government has been exploring a technological option that would allow interested members of the news media to join a "drop box" through a platform that would be populated with the government's exhibits from each hearing and would be available for download by any member who requested access to the "drop box." Upon Court order, the government will be in a position to make this option operational next week. The government needs at least 72 hours from the time of a proceeding to the posting of the exhibits in light of the possible need for redactions (e.g., personal identifiable information) and uploading of voluminous numbers of exhibits.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        D.C. Bar No. 415793

BY:       _____-s-_____
        JOHN CRABB JR.
        Chief, Criminal Division
        NY Bar No.2367670
        DENISE CHEUNG
        Acting Deputy Chief, Criminal Division
        D.C. Bar No. 451714
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-1794 (Crabb)
        John.D.Crabb@usdoj.gov
        (202) 252-7522 (Cheung)
        Denise.Cheung@usdoj.gov

---

[2] Presently, the government has endeavored to address requests for access to these video exhibits on a case-by-case basis. In terms of video exhibits used in past hearings, the government will seek to add to the "drop box" exhibits upon request, including the matters referenced on pages 3-5 of Petitioners' Letter.