**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

IN RE PRESS AND PUBLIC ACCESS TO
VIDEO EXHIBITS IN THE CAPITOL RIOT
CASES

Case No. 1:21-mc-46-BAH

---

### REPLY IN FURTHER SUPPORT OF PETITIONERS' MOTION FOR PRESS AND PUBLIC ACCESS TO VIDEO EXHIBITS IN THE CAPITOL RIOT CASES

In responding to Petitioners' Motion for Press and Public Access to Video Exhibits in the Capitol Riot Cases (the "Access Motion"), Dkt. 1, the Government and the Federal Public Defender recognize that videos introduced as evidence in the Capitol Riot Cases are judicial records and thus are presumptively public. *See* Gov't Resp. at 1, Dkt. 3; Public Defender's Resp. at 2, Dkt. 6. The Government and Public Defender, however, fail to propose a procedure for distributing the videos that satisfies the First Amendment and the common law right of access to these judicial records. Moreover, neither submission appropriately acknowledges the stringent procedure every litigant must follow in asking a Court to narrowly seal any portion of any record, video or otherwise, introduced into evidence. Petitioners therefore submit this Reply to address these shortfalls in the Government's proposal and the Public Defender's response.

## BACKGROUND

On May 3, 2021, Petitioners wrote to this Court to express their concerns about the lack of access to videos introduced as evidence in the Capitol Riot Cases. *See* Access Motion at 1. Petitioners proposed that the Court enter a Standing Order directing the Government to promptly release video exhibits in all of these cases to a representative member of the press, which would be responsible for distributing those videos to other news organizations and making them accessible to the public at large. *Id.* at 6-8.

That same day, the Court opened this matter, docketed Petitioners' correspondence as the

Access Motion, and ordered the Government to file a response by May 5, 2021.  *See* Minute

Order of May 3, 2021.  The Government timely responded, stating that it "does not oppose a

Standing Order in these Capitol Riot cases directing the parties, going forward, to make available

to the public video exhibits admitted into evidence in all court proceedings that are not subject to

a sealing order."  Gov't Resp. at 2.  In fact, the Government represented that it was "exploring a

technological option that would allow interested members of the news media to join a 'drop box'

through a platform that would be populated with the government's exhibits from each hearing

and would be available for download by any member who requested access to the 'drop box.'"

*Id.*  The Government claimed, however, that it "needs at least 72 hours from the time of a

proceeding to the posting of the exhibits in light of the possible need for redactions (e.g.,

personal identifiable information) and uploading of voluminous numbers of exhibits."  *Id.*

The Court subsequently ordered the Government to submit a supplemental response

answering additional questions about how it would propose to provide access to these videos:

> (1) what kinds of video exhibits used in pretrial proceedings are
> routinely subject to sealing orders; and (2) the reasons underlying
> the necessity for sealing those kinds of video exhibits in pretrial
> proceedings; . . . (3) whether the government will make sealed
> video exhibits submitted in pretrial proceedings available for
> viewing, not copying or downloading, by the public; (4) whether
> such video exhibits made available for both viewing and
> downloading by members of the news media will also be available
> for both viewing and downloading by the public; and (5) whether
> the pretrial posture in which the video exhibits are submitted raises
> any concerns that may warrant consideration of any restrictions on
> downloading and copying and, if so, what concerns and restrictions
> should be considered.

*See* Minute Order of May 5, 2021.  In response to Questions 1 and 2, the Government identified

"two general instances in which [it] may seek to file under seal," namely for "video footage from

the U.S. Capitol closed-circuit video system" and "where public access and dissemination would interfere with ongoing criminal investigations, reveal the identities of uncharged individuals, or threaten the safety of the defendant or others."  Gov't Suppl. Resp. at 1-3, Dkt. 5.

On Questions 3 and 4, the Government stated that it "will not make sealed video exhibits submitted in pretrial proceedings available for viewing, copying, or dissemination by anyone, whether members of the news media or the public."  *Id.* at 3.  The Government further asserted that its "drop box" approach is designed to "facilitate the timely dissemination of these unsealed exhibits to members of the news media," but that it "will endeavor to facilitate the availability of these unsealed video exhibits for both viewing and downloading by members of the general public as well when feasible."  *Id.* at 3-4.  The Government cautioned, however, that "if the number of these types of requests from the general public becomes too voluminous, [it] may not have the ability to facilitate the viewing and downloading of these exhibits."  *Id.* at 4 n.2.

On Question 5, the Government wrote that as a general matter "thorough juror screening and extensive voir dire are sufficient to ensure that all seated jurors can be fair and impartial and to provide a criminal defendant with the fair trial to which she is entitled."  *Id.* at 5.  As a result, the Government "thinks it unlikely that potential prejudice to a defendant, standing alone, will be sufficient to overcome the presumption in favor of public access [to the video exhibits] in any but the most extreme case."  *Id.*

The Court also invited the Public Defender to offer a response to the Access Motion and the Government's submissions, and on May 7, 2021, the Public Defender stated that "[t]o the extent that there are no objections to the release of these video exhibits in each particular case, the petitioner's proposal to have a streamlined approach for obtaining the video exhibits seems reasonable," but that "any Standing Order that this Court issues [should] allow each defendant, in

each individual case, [to] be able to contest the release of these video exhibits based on each particular case's circumstances."  Public Defender's Resp. at 1-2.  The Public Defender concluded that "where video exhibits are not under seal and/or the court has made a determination that the video exhibits should be provided to the press and the public, it is up to the Court to determine the best procedure to provide the materials, and petitioner's suggested method is one way of accomplishing this," adding that "[a] streamlined approach in these scenarios could be created so that the press can avoid having to 'hunt down' video exhibits in each case."  *Id.* at 5.

The Court directed Petitioners to reply to the Government's and the Public Defender's submissions by May 11, 2021.  *See* Minute Order of May 5, 2021.  Petitioners now timely file this Reply.

## ARGUMENT

Petitioners appreciate the Government's efforts to identify a "technological option" to facilitate access to video exhibits in the Capitol Riot Cases.  *See* Gov't Resp. at 2.  But the Government's proposal for delayed access, only <u>after</u> a hearing has concluded, falls far short of the requirements of the First Amendment and common law.  Moreover, neither the Government nor the Public Defender discuss the important procedural safeguards to the public's right of access – notice on the docket and a meaningful opportunity to be heard – that they must adhere to in asking a Court to narrowly seal any portion of video to be introduced into evidence.  Finally, the Petitioners clearly can provide a better video distribution mechanism than the Government to ensure widespread public access to the evidence, as the Government's second Response makes plain.

## I.   <u>Access Must Be Contemporaneous</u>

The Government proposes that its "drop box" system would not make video exhibits available to the public until "at least 72 hours from the time of a proceeding . . . in light of the possible need for redactions (e.g., personal identifiable information) and uploading of voluminous numbers of exhibits."  Gov't Resp. at 2.  But any delay at all, let alone a multi-day delay for public access, is utterly unacceptable under the law.  "[T]he presumption of access normally involves a right of *contemporaneous* access."  *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1310 (7th Cir. 1984) (emphasis added); *see also Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) ("a necessary corollary of the right to access is a right to timely access"); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of *immediate* access where a right to access is found.") (emphasis added).  While the D.C. Circuit has observed that "administrative burden is relevant to how and when [court records] are released," *see Leopold v. United States*, 964 F.3d 1121, 1133 (D.C. Cir. 2020), the Government has not explained what "burden" would prevent it from placing the videos in a "drop box" – or providing the videos to a press representative – at the same time as it transmits those videos to a court as exhibits to a filing or evidence for a hearing.

Petitioners ask only that the Courts in this District treat these videos like any other judicial records subject to the First Amendment and common law right of access – *i.e.*, that they are promptly made available to the public when filed as exhibits, shown at hearings, or otherwise placed before the Court.  The Government's "drop box" proposal, as presently described, would not accomplish these straightforward goals.

**II.**     **Any Request for Redactions or Sealing Requires a Noticed, Public Proceeding**

Additionally, the Government's and the Public Defenders' submissions are deficient because neither contemplates any opportunity for the press and the public to challenge sealing or redaction requests. *See* Gov't Resp. at 2; Public Defender's Resp. at 2-3. Indeed, in asking for a 72-hour delay to release videos "in light of the possible need for redactions," the Government seems to take as a given that it will withhold portions of judicial records with unbridled discretion. Of course, the Government has no authority to unilaterally redact judicial records, either before or after submitting them to the Court. Rather, if the Government or defense counsel wishes to redact any part of an exhibit, they must file a motion to seal on the public docket and provide the defendant and the public an opportunity to be heard in opposition. *See Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) ("representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion") (internal marks omitted). Indeed, the Local Criminal Rules expressly provide:

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record.

*See* Local Criminal Rule 49(f)(6)(i).

The Standing Order that this Court issues therefore should specify that:

(1) Counsel will follow ordinary and required procedure, filing motions for sealing or redactions that meet their burdens under the law to overcome the "strong presumption in favor of public access," *see EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996);

(2)  The pleadings related to those motions will be placed on the docket, *see Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991);

(3)  The Courts hearing the motions "must promptly allow interested persons an opportunity to be heard before ruling on the motion and entering the sealing order," *see id.*; and

(4)  To ensure adequate opportunity for appellate review, a court order sealing or redacting a judicial record "must articulate specific findings on the record demonstrating that the decision to seal . . . is narrowly tailored and essential to preserve a compelling government interest," *see id.*

Only through reinforcement of these basic requirements in a Standing Order can the public be assured that the Government, defense, and the Court will conduct these unprecedented prosecutions with maximum transparency.  Adherence to the open administration of justice is absolutely essential under these historic circumstances.

**III.    Petitioners' Proposal Will Provide the Surest Means for Distribution to the Public**

Even though the Government acknowledges the "right of access to court records and documents extends to members of the news media and the public equally," *see* Gov't Suppl. Resp. at 3-4, it admits that the proposed "drop box" system may be incapable of providing access to "the general public" if requests become "too voluminous," *see id.* at 4 n.2.  By contrast, ProPublica is able to make the video exhibits available to the broad public without limitation. *See, e.g.*, Lena V. Groeger et al., *What Parler Saw During the Attack on the Capitol*, ProPublica (Jan. 17, 2021), https://projects.propublica.org/parler-capitol-videos/ (making hundreds of videos from the Capitol riot available to the general public).

The Court in its Standing Order therefore should adopt Petitioners' proposal that the Government and Public Defender provide copies of videos to ProPublica immediately upon submission to a court.

## CONCLUSION

For the foregoing reasons and those previously set forth in the Access Motion, Petitioners respectfully request that the Court enter a Standing Order conforming with the Petitioners' proposal for public access and reinforcing the procedures the parties' counsel must follow in seeking to seal or redact any video exhibits.

Dated:  May 10, 2021               Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Petitioners*