IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PRESS AND PUBLIC ACCESS TO VIDEO EXHIBITS IN THE CAPITOL RIOT CASES | Case No: 21-mc-46-BAH |

**THE PRESS COALITION'S MOTION TO ENFORCE STANDING ORDER 21-28**

Pursuant to Local Criminal Rule 57.6, the Press Coalition[1] respectfully moves this Court to enforce Standing Order 21-28 and ensure continued access to video exhibits and other judicial records submitted in criminal cases arising from the January 6, 2021 riot at the U.S. Capitol.

Over the past four years, this Court and the other District Judges in this District have repeatedly ordered the government to make such riot-related records publicly accessible through an electronic drop box on the government's "USAfx" portal. Within the past week, however, certain video exhibits submitted in connection with the sentencing of at least one Capitol riot defendant (*United States v. Simon*, No. 21-cr-346-BAH) have disappeared from that drop box. The Press Coalition conferred with government counsel about that disappearance and, as of this filing, government counsel have offered no explanation for why these judicial records are no longer publicly accessible or whether any other Capitol riot records that were previously available on USAfx have disappeared as well.

The colossal importance of public oversight of the administration of justice did not end with the President's pardon of the January 6 rioters. The Press Coalition thus respectfully

---

[1] The Press Coalition includes Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post.

submits that this Court's prompt intervention is required to ensure that these and other important judicial records, which document the events of January 6, 2021 and represent an invaluable historical archive, remain available to the press and public.

## ARGUMENT

1.	On May 14, 2021, in response to a motion filed by the Press Coalition, this Court (as Chief Judge of the District) issued Standing Order No. 21-28 (the "Standing Order").[2] The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases'), for which the parties are routinely submitting video exhibits to the Court for use in pretrial proceedings." *See* Standing Order at 2.

2.	To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.	The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" on the government's USAfx portal, into which the government agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

---

[2] The Standing Order is available at https://www.dcd.uscourts.gov/sites/dcd/files/SO%2021-28_Pandemic_Media%20Access%20to%20Video%20Exs%20in%20Pretrial%20Capitol%20Cases_20210514.pdf.

4.      As of January 2025, the government, under the procedural guidance of the Standing Order and in response to orders of presiding judges in the Capitol Cases, had made thousands of videos (the "Video Exhibits") available on USAfx to members of the press and public with access credentials.  Indeed, judges have not only granted hundreds of Press Coalition applications for access to video exhibits, but also *sua sponte* ordered that videos submitted as exhibits to filings, or submitted as exhibits at trial, be made available to the public on USAfx.

5.      On January 20, 2025, immediately following his inauguration, President Donald J. Trump issued a Proclamation that claimed to "end[] a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation."  *See Proclamation Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021* (Jan. 20, 2025), https://perma.cc/W4NT-4K4S.  The Proclamation "commute[s] the sentences of" specific individuals "convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021"; "grant[s] a full, complete and unconditional pardon to all other individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021"; and "direct[s] the Attorney General to pursue dismissal with prejudice to the Government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021."  *Id.*

6.      Several Judges in this District have addressed the President's Proclamation, which contradicted the record evidence in the Capitol Cases.  *See, e.g.*, *United States v. DeCarlo*, No. 21-cr-73-BAH, 2025 WL 266308, at *3 (D.D.C. Jan. 22, 2025) ("Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were <u>fully supported by evidence in the</u>

form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement.") (emphasis added); *United States v. Warnagiris*, No. 21-cr-382-PLF, 2025 WL 341990, at *6 (D.D.C. Jan. 30, 2025) ("[N]o pardon can change the tragic truth of what happened on January 6, 2021.").

7. In the days following the President's Proclamation, the Department of Justice also began removing important information about the Capitol Cases from its website. *See, e.g.*, Donie O'Sullivan & Katelyn Polantz, *Trump pardoned the January 6 convicts. Now his DOJ is wiping evidence of rioters' crimes from the internet*, CNN (Jan. 26, 2025), https://www.cnn.com/2025/01/25/politics/january-6-justice-department-database/index.html.

8. Although the prosecutions and related criminal proceedings against individuals convicted of assaulting police officers, vandalizing the Capitol, and obstructing justice on January 6 have been dismissed, the public continues to have a powerful interest in the judicial records submitted in the Capitol Cases, including the Video Exhibits. As the Honorable Colleen Kollar-Kotelly recently stated in granting the government's motion to dismiss claims against a defendant found guilty of six counts:

> Dismissal of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021. What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens. Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

*United States v. Box*, No. 22-cr-413-CKK, 2025 WL 289463, at *3 (D.D.C. Jan. 22, 2025) (emphasis added).

9. Despite the importance of these records, Press Coalition counsel recently noticed that video exhibits from *United States v. Simon*, No. 21-cr-346-BAH, had disappeared from USAfx. The government submitted those videos in connection with the August 2022 sentencing of Glen Simon, where the government requested a sentence of 10 months incarceration

> because Simon: (1) arrived at the Capitol prepared for violence by wearing a plated vest; (2) along with his fellow rioters, pushed a bicycle rack against a line of officers, making physical contact with them and pushing them back; (3) mocked police officers as they attempted to defend the Capitol Building and loudly urged his fellow rioters to put 'fear' into the officers; (4) sought out Members of Congress while he was inside the Capitol and urged his fellow rioters to do the same; (5) stayed inside the Capitol for over one hour; (6) actively resisted police officers' efforts to clear the Rotunda; (7) vaingloriously celebrated the riot when interviewed by a local newspaper reporter a week afterwards; (8) lied to the FBI about the extent of his participation in the events of January 6, 2021; and (9) has a conviction for disorderly conduct/fighting.

*See* Gov't's Sentencing Mem. at 2 (ECF 59). Simon was sentenced to 8 months of incarceration.

10. In an August 9, 2022 Minute Order, this Court ordered the government to make those videos "publicly available without restriction by providing access using the 'drop box' technical solution described in Standing Order 21-28, *In re: Media Access to Video Exhibits in Pretrial Capitol Cases*."

11. The *Simon* case folder on USAfx previously contained 9 video files, labelled Exhibits 1-9, which the government described in an April 25, 2022 Notice of Filing (ECF 50) and an August 4, 2022 Supplemental Video Report (ECF 61). That folder is now empty:

| NAME | UPDATED ↓ | SIZE |
|---|---|---|
| U.S. v. Glen Simon, 21-CR-346 | Feb 8, 2025 by Someone | 0 Files |

> Capitol Breach Cases for Public Release > Video Exhibits

12. Undersigned counsel contacted government counsel by email on February 10, 2025, and requested that by 12:00 p.m. ET on February 11, 2025, the government (1) restore the missing evidence to the *U.S. v. Simon* folder on USAfx; (2) explain why these videos were no longer available on USAfx; (3) state whether any other Capitol riot videos previously available on USAfx are no longer available; and (4) confirm that no additional riot-related court records will be removed from USAfx unless a party first requests (with notice to the Press Coalition) and receives permission from the presiding judge.

13. Government counsel responded that they would get back to undersigned counsel "as expeditiously as possible." As of this filing, however, the government has not provided any further response, and the *Simon* video exhibits remain missing from USAfx.

14. The Video Exhibits are judicial records subject to the public rights of access under the First Amendment and common law, and judges have determined, case by case, that the public is entitled to access each of the Video Exhibits. *See, e.g.*, *United States v. Jackson*, 2021 WL 1026127, at *6-8 & n.3 (D.D.C. Mar. 17, 2021) (stating that "[d]ocuments and other materials filed in court intended to influence the court are judicial records" and clarifying that whether Video Exhibits were "filed on the public docket has no bearing on whether they are judicial records, since they are not in a format amenable to filing on the Court's Case Management/Electronic Filing (CM/ECF) system").

15. That right of access does not dissipate merely because all of the Capitol Case defendants have been pardoned. To the contrary, the public interest in ensuring that the Video Exhibits remain available in the future is all the greater, given that these videos "are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies." *Box*, 2025 WL 289463, at *3.

16. The Press Coalition therefore requests that the Court direct the government to promptly restore the Video Exhibits that were formerly available in the *U.S. v. Simon* folder to USAfx and ensure that all other Capitol riot case records that have been posted for the public in USAfx continue to remain available to the press and public until and unless otherwise ordered.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court enter an Order directing the government, within 48 hours, to (1) restore the missing records to the *U.S. v. Simon* folder on USAfx; (2) explain why these videos were no longer available on USAfx; (3) state whether any other videos or other Capitol riot-related court records previously available on USAfx are no longer available; and (4) confirm that no additional videos or other Capitol riot-related court records will be removed from USAfx unless a party first requests (with notice to the Press Coalition) and receives permission from the presiding judge.

Dated:  February 11, 2025                Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*